FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 NOV -4 P 12: 18

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| JOSEPH ST. ONGE, et al., | : | NO. 3:01CV-1506 (SRU) |
| plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| TROOPER FABIAN, et al., | : | |
| defendants. | : | NOVEMBER 3, 2003 |

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION IN LIMINE

The defendant respectfully submits this Motion In Limine to rule on the admissibility of testimony or other evidence concerning the outcome of the criminal charges filed against the plaintiffs by the defendants during the course of the plaintiffs' arrests on April 24, 2001. The defendant objects to the admissibility of the internal affairs report on the grounds of relevancy under Federal Rules of Evidence (F.R.E.) 402, unfair prejudice under F.R.E. 403.

### ARGUMENT

The relevant portions of the Federal Rules of Evidence read as follows:

> **Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible**
>
> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
>
> **Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

I. **EVIDENCE CONCERNING THE DISPOSITION OF CRIMINAL CHARGES AGAINST THE PLAINTIFFS IS IRRELEVANT AND UNFAIRLY PREJUDICIAL.**

In their complaint, the plaintiffs allege that the defendant State Police troopers violated their right to be free from excessive force under the Fourth Amendment to the U.S. Constitution during the course of their arrests. Given the nature of the case, evidence concerning the disposition of the criminal charges against the plaintiffs would not only be irrelevant, but would likely mislead and confuse the jury as to the proper basis upon which to consider their verdict. As such, evidence concerning the disposition of the criminal charges filed against the plaintiffs by the defendants at the time of their arrests should be excluded from this case.

Relevant evidence is that which makes the existence of a matter properly provable in a case more likely than it otherwise would have been without the evidence. *See generally, U.S. v. Brady*, 26 F.3d 282 (2d Cir. 1994). The fact that the charges filed against the plaintiffs by the troopers as a result of the incident which is the subject of this lawsuit were eventually nolled by the state prosecutorial authorities adds nothing of substance to the evidence properly before the jury in this case. It does not make more or less likely any matter related to the allegations of excessive force.

In addition, admission of evidence concerning the disposition of the charges filed against the plaintiffs by the defendants where the sole issue before the jury is purely a question of excessive force would tend to mislead and confuse the jury as to the proper basis upon which to consider their verdict. As such, admission of this evidence would unfairly prejudice the defendant and would improperly place a confusing collateral issue before the jury. *See Brown v.*

2

*Royalty,* 535 F.2d 1024 (8th Cir. 1976) (evidence that defendant did not receive ticket in negligence case was prejudicial to plaintiff and placed false issue before jury).

In the context of Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Brady, supra,* at 287. To permit the jury to consider evidence concerning the outcome of the charges against the plaintiffs in a case where the only claim made is one of excessive force might cause the jury to decide the case against the defendant on an improper basis. *See EEOC v. Manville Sales Corp.,* 27 F.3d 1089 (5th Cir. 1994) (proper to bar EEOC letter of violation since it represents a determination that a violation has occurred and would have resulted in unfair prejudice); *U.S. v. Logan,* 49 F.3d 352 (8th Cir. 1995) (since inflammatory and of little probative value on issue offered, conversation containing derogatory and explicit language not allowed). Moreover, the fact that the charges in question were nolled is not necessarily indicative of the fact that the plaintiffs were not guilty of the offenses charged. A prosecutor may decline to prosecute charges for a multitude of reasons, none of which may have anything to do with the question of his/her ability to prove guilt if the charges were tried. Admission of the evidence would require the defendants to call the prosecutor as a witness to discuss his/her reasons for declining to prosecute the charges, introducing yet another potentially confusing collateral issue before the jury. All of this could be easily avoided by simply excluding evidence concerning the disposition of the charges in the first place.

FILED

2003 NOV -4 P 12:18

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| JOSEPH ST. ONGE, *et al.*, *plaintiff,* | : | NO. 3:01CV-1506 (SRU) |
| V. | : | |
| TROOPER FABIAN, *et al.*, *defendants.* | : | NOVEMBER 3, 2003 |

### MEMORANDUM OF LAW
### IN SUPPORT OF MOTION IN LIMINE

The defendant respectfully submits this Motion In Limine to rule on the admissibility of testimony or other evidence concerning the outcome of the criminal charges filed against the plaintiffs by the defendants during the course of the plaintiffs' arrests on April 24, 2001. The defendant objects to the admissibility of the internal affairs report on the grounds of relevancy under Federal Rules of Evidence (F.R.E.) 402, unfair prejudice under F.R.E. 403.

### ARGUMENT

The relevant portions of the Federal Rules of Evidence read as follows:

> **Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible**
>
> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
>
> **Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

I. **EVIDENCE CONCERNING THE DISPOSITION OF CRIMINAL CHARGES AGAINST THE PLAINTIFFS IS IRRELEVANT AND UNFAIRLY PREJUDICIAL.**

In their complaint, the plaintiffs allege that the defendant State Police troopers violated their right to be free from excessive force under the Fourth Amendment to the U.S. Constitution during the course of their arrests. Given the nature of the case, evidence concerning the disposition of the criminal charges against the plaintiffs would not only be irrelevant, but would likely mislead and confuse the jury as to the proper basis upon which to consider their verdict. As such, evidence concerning the disposition of the criminal charges filed against the plaintiffs by the defendants at the time of their arrests should be excluded from this case.

Relevant evidence is that which makes the existence of a matter properly provable in a case more likely than it otherwise would have been without the evidence. *See generally, U.S. v. Brady,* 26 F.3d 282 (2d Cir. 1994). The fact that the charges filed against the plaintiffs by the troopers as a result of the incident which is the subject of this lawsuit were eventually nolled by the state prosecutorial authorities adds nothing of substance to the evidence properly before the jury in this case. It does not make more or less likely any matter related to the allegations of excessive force.

In addition, admission of evidence concerning the disposition of the charges filed against the plaintiffs by the defendants where the sole issue before the jury is purely a question of excessive force would tend to mislead and confuse the jury as to the proper basis upon which to consider their verdict. As such, admission of this evidence would unfairly prejudice the defendant and would improperly place a confusing collateral issue before the jury. *See Brown v.*

2

*Royalty,* 535 F.2d 1024 (8th Cir. 1976) (evidence that defendant did not receive ticket in negligence case was prejudicial to plaintiff and placed false issue before jury).

In the context of Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Brady, supra,* at 287. To permit the jury to consider evidence concerning the outcome of the charges against the plaintiffs in a case where the only claim made is one of excessive force might cause the jury to decide the case against the defendant on an improper basis. *See EEOC v. Manville Sales Corp.,* 27 F.3d 1089 (5th Cir. 1994) (proper to bar EEOC letter of violation since it represents a determination that a violation has occurred and would have resulted in unfair prejudice); *U.S. v. Logan,* 49 F.3d 352 (8th Cir. 1995) (since inflammatory and of little probative value on issue offered, conversation containing derogatory and explicit language not allowed). Moreover, the fact that the charges in question were nolled is not necessarily indicative of the fact that the plaintiffs were not guilty of the offenses charged. A prosecutor may decline to prosecute charges for a multitude of reasons, none of which may have anything to do with the question of his/her ability to prove guilt if the charges were tried. Admission of the evidence would require the defendants to call the prosecutor as a witness to discuss his/her reasons for declining to prosecute the charges, introducing yet another potentially confusing collateral issue before the jury. All of this could be easily avoided by simply excluding evidence concerning the disposition of the charges in the first place.

3

## CONCLUSION

For all of the foregoing reasons, the defendant respectfully requests that the court exclude testimony or other evidence concerning the disposition of the criminal charges filed against the plaintiffs following their arrest on April 24, 2001.

DEFENDANTS
Thomas Fabian and Edward Lallo

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut 06105
Tel. (860) 808-5450
Federal bar #ct05129
E-mail: stephen.sarnoski@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing motion was mailed this 3rd day of November, 2003, to the following pro se parties and/or counsel of record:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, Connecticut 06510

_____
Stephen R. Sarnoski
Assistant Attorney General

4