UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ST. ONGE, *et al.*, | : | NO. 3:01CV-1506 (SRU) |
|    *plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| TROOPER FABIAN, *et al.*, | : | |
|    *defendants.* | : | MARCH 24, 2004 |

## MOTION IN LIMINE

The defendants respectfully requests this court for an evidentiary ruling prohibiting the plaintiffs, Joseph and Michael St. Onge, from testifying that (1) the incident which is the subject of this lawsuit caused Joseph St. Onge's condition of chronic ulcerative colitis, prostatitis and/or inflammatory bowel disease to flare up following his arrest, and (2) that he suffered from clinical depression and/or post-traumatic stress syndrome as a result of the incident which is the subject of this lawsuit.  While Joseph St. Onge avers this to be the case, he has disclosed no medical witness to establish a causal relationship between his professed medical conditions and the incident in question, he has offered as exhibits no medical records which would substantiate such claims, and he is not himself a medical doctor or a licensed psychologist, and is therefore not qualified to render such opinions.  As such, testimony on these matters would violate Rules 602 of the Federal Rules of Evidence limiting a witness' testimony to matters over which he has personal knowledge, and Rule 701 of the Federal Rules of Evidence limiting a witness' testimony to opinions rationally based on the perception of the witness, and not based on scientific, technical or specialized knowledge within the scope of F.R.E. Rule 702.

DEFENDANTS
Thomas Fabian and Edward Lallo

RICHARD BLUMENTHAL
ATTORNEY GENERAL


By: __/s/_____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut  06105
Tel. (860) 808-5450
Federal bar #ct05129
E-mail: stephen.sarnoski@po.state.ct.us


## **CERTIFICATION**

This is to certify that a copy of the foregoing Motion was mailed, first-class, post-age pre-paid, to all pro se parties and/or counsel of record on this the _____ day of _____, _____.


John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, Connecticut 06510


___/s/_____
Stephen R. Sarnoski
Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ST. ONGE, *et al.,* | : | NO. 3:01CV-1506 (SRU) |
|     *plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| TROOPER FABIAN, *et al.,* | : | |
|     *defendants.* | : | MARCH 24, 2004 |

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION IN LIMINE

The defendant respectfully submits this Motion In Limine to rule on the admissibility of testimony from the plaintiffs concerning the cause of Joseph St. Onge's various medical conditions, including ulcerative colitis, prostatitis, inflammatory bowel disease, chronic depression and/or post-traumatic stress syndrome. The plaintiffs are not medical doctors or licensed psychologists and are, therefore, unable to rationally render opinions regarding the cause of these medical opinions.

## ARGUMENT

The relevant portions of the Federal Rules of Evidence read as follows:

> **Rule 602. Lack of Personal Knowledge**
>
> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.
>
> **Rule 701. Opinion Testimony by Lay Witnesses**
>
> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the

>witness, and (b) helpful to a clear understanding of the witness'
>testimony or the determination of a fact in issue, and (c) not based
>on scientific, technical, or other specialized knowledge within the
>scope of Rule 702.

I. **THE PLAINTIFFS ARE NOT QUALIFIED TO TESTIFY FROM PERSONAL KNOWLEDGE AS TO THE CAUSE OR CAUSES OF JOSEPH ST. ONGE'S MEDICAL CONDITIONS.**

As reflected in the excerpts from Joseph St. Onge's deposition transcript attached to this motion at Tab A, the plaintiff owns a restaurant and has had no medical training, education or experience. *See* Transcript at pp. 7-9. Despite this, he claims that his pre-existing condition of ulcerative colitis was aggravated by the alleged assault which coincided with his arrest. *See* Transcript at pp. 68-69m 72-73. The plaintiff persists in this belief even though his doctor never told him the condition was related to his arrest in any way. *See* Transcript p. 83. Moreover, he insists, absent any supporting medical evidence, that the circumstances of his arrest caused him to become clinically depressed and to suffer from post-traumatic stress syndrome.

Absent medical training and expertise, the plaintiff is not qualified to testify from personal knowledge regarding whether he, in fact, actually suffers from any of these conditions, or whether, if indeed he does suffer from one or more of these conditions, that they were caused or aggravated by the circumstances surrounding his arrest. Lay witnesses are not permitted to offer opinions on matters beyond common experience that require expert skill and knowledge. *See Certain Underwriters at Lloyd's v. Sinkovich,* 232 F.3d 200, 203-04 (4th Cir. 2000). Questions of diagnosis of disease and causation are matters which fall peculiarly within the scope of expertise of a medical doctor. Such matters are not within the rational perception of a lay witness. Plaintiff has no medical expertise, and thus should not be permitted to give testimony regarding from what medical conditions he believes that he suffers, and the cause for

any such conditions. *See Pearson v. Ramos,* 237 F.3d 881, 886 (7th Cir. 2001). Simply stated, he lacks the education, training or experience to draw such conclusions or to testify from personal knowledge regarding such matters.

## **CONCLUSION**

For all of the foregoing reasons, the defendant respectfully requests that the court preclude the plaintiffs from testifying as to the nature of the medical conditions from which Joseph St. Onge believes he suffers and the cause for such conditions.

>       DEFENDANTS
>       Thomas Fabian and Edward Lallo
>
>       RICHARD BLUMENTHAL
>       ATTORNEY GENERAL
>
>
>       By: __/s/_____
>       Stephen R. Sarnoski
>       Assistant Attorney General
>       MacKenzie Hall
>       110 Sherman Street
>       Hartford, Connecticut  06105
>       Tel. (860) 808-5450
>       Federal bar #ct05129
>       E-mail: stephen.sarnoski@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing motion was mailed this _____ day of

_____, 2001, to the following pro se parties and/or counsel of record:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, Connecticut 06510

    /s/_____
Stephen R. Sarnoski
Assistant Attorney General

4